UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

**LYNNETTE CONNER,**

                **Plaintiff,**

  v.                                       **VERIFIED COMPLAINT**

                                                         17  -CV-  6283

**DOLGENCORP OF NEW YORK, INC.**

                **Defendant.**

---

Plaintiff, Lynnette Conner, by and through her attorneys Brown Hutchinson LLP, Michael Cobbs, Esq., *Of Counsel* as and for her Verified Complaint, alleges upon information and belief as follows:

### PRELIMINARY STATEMENT

1. This is an action to recover monetary damages for Plaintiff's personal injuries sustained on or about June 12, 2015 in a slip-and-fall incident caused by the negligence of defendant DOLGENCORP OF NEW YORK, INC.

### JURISDICTION AND VENUE

2. Jurisdiction over this action is based upon diversity pursuant to 28 U.S.C. §1332(a)(1) in that there is complete diversity and the amount in controversy exceeds $75,000. Plaintiff is a resident and citizen of the State of New York. Defendant DOLGENCORP OF NEW YORK, INC. (hereinafter "Dollar General") is a foreign business corporation organized and operating under the laws of the State of Tennessee with an address of 100 Mission Ridge

Goodlettsville, Tennessee, 37072, which owns and operates retail stores throughout various states, including the State of New York.

3. Venue properly lies in the Western District of New York, under 28 U.S.C. § 1391(b)(1), because Plaintiff resides within the boundaries of the Western District of New York, namely Geneva, New York.

4. Venue is also proper in the Western District of New York pursuant to 28 U.S.C. § 1391(b)(2) in that Plaintiff was first injured by the wrongful acts and negligent conduct of the defendant in the State of New York, and a substantial part of the events and omissions giving rise to the claim occurred within this judicial district.

## THE PARTIES

5. Plaintiff, Lynette Conner (hereinafter "Plaintiff") is a natural person residing at 10 Goodman Street, Geneva, NY 14456, County of Ontario, State of New York.

6. Upon information and belief, and at all times relevant to this complaint, defendant Dollar General is a foreign business corporation organized and operating under the laws of the State of Tennessee which owns and operates retail stores throughout various states in the United State of America, including New York.

7. Defendant owns and operates stores throughout the State of New York including in the cities of Rochester and Geneva.

## FACTUAL BACKGROUND

8. On or about June 12, 2015, defendant Dollar General owned, controlled, operated, managed and maintained a Dollar General store at 194 North Exchange Street, Geneva, NY 14456.

9. At all times relevant to this complaint, defendant had exclusive control over and exercised all responsibilities concerning the management and maintenance of the property.

10. On or about June 12, 2015, Plaintiff went to the Dollar General store located at 194 North Exchange Street, Geneva, NY 14456 to shop.

11. On said date Plaintiff entered the store through the main entrance.

12. As Plaintiff entered the store she was caused to violently slip and fall on account of the dangerous and defective condition of the entrance way including the floor.

13. In particular, the store floor and rugs were wet and slippery causing a dangerous slipping hazard.

14. The defendant and its employees and/or agents maintained the store floor in a dangerous and defective condition.

15. As a result of the fall, Plaintiff suffered serious and debilitating injuries including, but not limited to a torn meniscus in her right knee, which required surgical intervention, right knee pain, right ankle pain, right foot, leg and back pain, and mental and emotional pain and suffering.

16. Plaintiff no longer has full range of motion in her knee.

17. Plaintiff's loss of full range of motion is permanent.

18. Plaintiff has been compelled to seek medical care and attention and will, upon information and belief, continue to undergo medical care and attention in the future.

19. Plaintiff has suffered a loss of earning capacity.

20. Plaintiff has suffered a loss of enjoyment of life.


## AS AND FOR A FIRST CLAIM
## FOR NEGLIGENCE AGAINST DEFENDANT

21. Plaintiff repeats and re-alleges paragraphs 1-21 as if more fully set forth herein.

22. Plaintiff's slip and fall and resulting injuries were caused solely by the negligence of the defendant and its employees and/or agents.

23. Defendant and its employees and/or agents allowed the floor and rugs at its store to become wet and soaked in water.

24. Defendant and its employees and/or agents failed to remedy the dangerous and defective condition of the floor and rugs at its store.

25. Under New York law, defendant owed Plaintiff, and other patrons and visitors a duty to keep the defendant's store, including the floor, in a reasonably safe condition.

26. Defendant owed a duty to warn Plaintiff and other patrons and visitors of the dangerous and defective conditions existing at the defendant's store.

27. The dangerous, hazardous and defective conditions complained of herein existed for a prolonged period of time prior to the happening of Plaintiff's accident as described herein, such that defendant, in the exercise of reasonable care knew or should have known of the dangerous and defective conditions, but failed to remedy same.

28. Defendant incompletely, incompetently, improperly, recklessly, carelessly, and/or negligently managed, maintained, inspected, remedied the dangerous and defective conditions of the floor.

29. Defendant, by its negligent acts and/or omission, created, exacerbated, and/or increased the dangerous and/or hazardous conditions which caused Plaintiff to slip and fall.

30. Defendant's negligence consisted in part of failing to remedy the dangerous and defective condition of the wet floor and rugs, failing to warn Plaintiff and other patrons of the slippery and wet condition of the floor and rugs, failing to protect Plaintiff from the dangerous and defective condition, failing to mop up the wet floor, vacuum the wet rugs, place warning signs or rope off the wet and slippery floor, failing to implement and follow policies to maintain its floors and rugs in a dry and safe condition, failing to follow its own safety, maintenance and cleanup policies, failing to train its employees on proper and safe cleanup and mopping procedures.

31. Solely as a result of the negligence of defendant as aforesaid, Plaintiff sustained severe personal injuries, including a torn meniscus in her right knee, which required surgical intervention, and incapacitated her from her normal pursuits.

32. Plaintiff has and continues to suffer physical and mental pain and suffering, past, present, and future medical expenses, and past, present and future lost wages and earning capacity, all in an amount exceeding $75,000 and to be determined by the trier of fact at trial.

## **JURY TRIAL**

33. Plaintiff demands a jury trial in this matter.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against defendant as follows:

A.	Monetary award of damages, in an amount which exceeds $75,000, for physical and mental pain and suffering, past, present, and future medical expenses, and lost wages and earning capacity, in an amount to be determined by the trier of fact, together with the costs and disbursements of this action;

B.	Any such further or additional relief the Court deems just and proper.

Dated:	May 4, 2017
	Rochester, New York

						**BROWN HUTCHINSON, LLP**

	**By:**	_/s/ Michael Cobbs_
						**Michael Cobbs, Esq.**
						Attorneys for Plaintiff
						925 Crossroads Building
						Two State Street
						Rochester, New York 14614
						Telephone: 585.454.5050
						Fax:  585.454.5066
						mcobbs@brownhutchinson.com


To:	DOLGENCORP OF NEW YORK, INC.
	100 MISSION RIDGE
	GOODLETTSVILLE, TENNESSEE, 37072-2171

## VERIFICATION

STATE OF NEW YORK    )ss:
COUNTY OF MONROE   )

Lynette Conner, being duly sworn, deposes and says that she is the plaintiff in the within action, that she has read the contents of the Verified Complaint; that the same is true to her own knowledge, except as to the matters, if any, therein stated to be alleged on information and belief, and that as to those matters she believes them to be true.

_____
Lynette Conner

Sworn to before me this 4th

day of May, 2017.

_____
Notary Public

MICHAEL COBBS
Notary Public, State of New York
#S004548 Wayne County
Commission Expires March 23, 2018

6