```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
```

LYNETTE CONNOR,

                        Plaintiff,              17-cv-6283 MAT

              v.                             **DECISION**
                                                      **AND ORDER**

DOLGENCORP OF NEW YORK, INC.,

                        Defendants.
_____

## **INTRODUCTION**

     Represented by counsel, plaintiff Lynette Connor ("Plaintiff") commenced the instant action on May 4, 2017 (Docket No. 1), asserting a negligence claim against defendant Dolgencorp of New York, Inc. ("Defendant"). In particular, Plaintiff alleges that Defendant, the owner and operator of the Dollar General store located at 194 North Exchange Street, Geneva, New York (the "Geneva Store"), allowed the floor and rugs at the Geneva Store to "become wet and soaked in water" and "failed to remedy the dangerous and defective condition of the floor and rugs," thereby causing Plaintiff to slip, fall, and injure herself. *Id*. at ¶¶ 23-24, 29-31.

     Currently pending before the Court is a motion for summary judgment filed by Defendant. Docket No. 16. Defendant contends that video footage of the Geneva Store taken prior to, during, and after Plaintiff's accident demonstrates as a matter of law that it did not create the alleged dangerous condition, nor did it have a reasonable time to undertake remedial action. For the reasons

discussed below, the Court agrees that Defendant is entitled to judgment in its favor.

## BACKGROUND

The following facts are taken from the respective statements of fact, affidavits, and exhibits submitted by the parties.

Defendant is the owner and operator of the Geneva Store. Customers access the Geneva Store by entering one of two automatic sliding doors, which open into a vestibule area containing a third automatic sliding door that leads into the retail area.

The parties have submitted, and the Court has reviewed, video footage of the vestibule area on June 12, 2015. The video footage shows that on that date, for at least one hour prior to Plaintiff's accident, the vestibule contained three floor mats and the floor was dry. The video footage further shows that the doors into the vestibule were operating normally, with customers entering and exiting without incident. However, roughly 50 seconds before Plaintiff entered the store, a sudden and severe rainstorm began. Wind from the rainstorm caused the automatic sliding doors into the vestibule to open, and wind and rain began to enter. The wind moved several items in the vestibule, including the floor mat directly in front of the entrance to the interior of the store.

Roughly 20 seconds after the storm began, one of Defendant's employees observed rainwater entering the vestibule. Approximately 30 seconds later, Plaintiff entered the vestibule area and slipped (but did not fall to the floor) as she walked into the store. Plaintiff then recovered her balance and entered the store.

Shortly thereafter, Defendants' employees began cleaning the area, including replacing the floor mat that had been blown away by the wind. Plaintiff is later seen on the video footage exiting the store.

Plaintiff began this action on May 4, 2017. Docket No. 1. The matter was automatically referred to mediation pursuant to this Court's Alternative Dispute Resolution Plan. On September 8, 2017, a Case Management Order was entered by United States Magistrate Judge Jonathan W. Feldman instructing the parties to exchange mandatory disclosures no later than October 2, 2017, and to complete mediation by no later than December 1, 2017. Docket No. 12. Fact discovery was to be completed by March 30, 2018. *Id*.

According to Plaintiff's attorney, the parties "agreed to defer discovery until after mediation to avoid the expense of discovery in case the case settled at mediation." Docket No. 19 at ¶ 10. However, there is no indication on the docket that the Court ever received a request to adjust the discovery deadlines in this matter. Notably, the Court's Alternative Dispute Resolution Plan expressly provides that "[t]he referral of a case to ADR does not delay or defer other dates established in the Scheduling Order and has no effect on the scheduled progress of the case toward trial." United States District Court for the Western District of New York, Alternative Dispute Resolution Plan, as revised June 4, 2011, at 4.1(C).

The parties held a mediation session with mediator Anthony J. Piazza on November 20, 2017. Docket No. 14. The matter did not settle at that time. *Id*.

On December 14, 2017, Defendant filed the instant motion for summary judgment. Docket No. 16. Plaintiff filed opposition papers on January 26, 2018 (Docket Nos. 18-22), and Defendant filed a reply on February 2, 2018.

## DISCUSSION

### I. Standard of Review

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, the Court will grant summary judgment if the moving party demonstrates that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. When considering a motion for summary judgment, all genuinely disputed facts must be resolved in favor of the party against whom summary judgment is sought. *See Tolan v. Cotton*, 134 S.Ct. 1861, 1863 (2014). If, after considering the evidence in the light most favorable to the nonmoving party, the court finds that no rational jury could find in favor of that party, a grant of summary judgment is appropriate. *See Scott v. Harris*, 550 U.S. 372, 380 (2007), citing *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-587 (1986).

### II. New York Law Regarding Premises Liability

The Court's jurisdiction in this matter is based on the parties' diversity of citizenship. Accordingly, the substantive law of New York governs. *See Shady Grove Orthopedic Assocs., P.A.*

*v. Allstate Ins. Co.*, 559 U.S. 393, 417 (2010) ("It is a long-recognized principle that federal courts sitting in diversity apply state substantive law and federal procedural law.") (internal quotation omitted).

Under New York law, "[a] landowner must act as a reasonable [person] in maintaining his property in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk." *Basso v. Miller*, 40 N.Y.2d 233, 241 (1976) (internal quotation omitted). "Once a [landowner] has actual or constructive notice of a dangerous condition, the [landowner] has a reasonable time to undertake remedial actions that are reasonable and appropriate under all of the circumstances." *Ferguson v. Rochester City Sch. Dist.*, 99 A.D.3d 1184, 1185 (4th Dep't 2012) (internal quotation omitted and alterations in original); *see also Feis v. United States*, 484 F. App'x 625, 628 (2d Cir. 2012) ("[F]or a plaintiff in a 'slip and fall' case to establish a prima facie case of negligence, the plaintiff must demonstrate that the defendant created the condition which caused the accident, or that the defendant had actual or constructive notice of the condition.") (internal quotation omitted).

In accordance with these principles, "[a] defendant who moves for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it neither created a dangerous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it." *Murray*

*v. Banco Popular*, 132 A.D.3d 743, 744 (2d Dep't 2015) (granting summary judgment where "plaintiff allegedly slipped and fell on a wet portion of the vestibule floor of the defendants' premises while it was raining outside"). "A general awareness that water might be tracked into a building when it rains is insufficient to impute, to a defendant, constructive notice of the particular dangerous condition." *Grib v. New York City Hous. Auth.*, 132 A.D.3d 725, 726, 18 N.Y.S.3d 109, 110 (2d Dep't 2015) (granting summary judgment where plaintiff "allegedly fell and sustained injuries after slipping on a wet floor in the hallway of the apartment building where she resided").

**III. Defendant is Entitled to Summary Judgment**

Applying the New York law set forth above, the Court concludes that Defendant has adequately demonstrated its entitlement to summary judgment in this case. The video footage of Plaintiff's accident conclusively establishes that the vestibule was in a safe and dry condition before the sudden and severe rainstorm began, that it was the rainstorm that moved the floor mats and brought water into the vestibule, and that Plaintiff slipped less than a minute after the rainstorm began. Under these circumstances, it is clear that Defendant neither created the dangerous condition, nor had a reasonable time to undertake appropriate remedial actions upon becoming aware of it. Accordingly, judgment as a matter of law in favor of Defendant is appropriate. *See, e.g., Feis*, 484 F. App'x at 628 (affirming grant of summary judgment where plaintiff slipped and fell on wet floor at a VA hospital and there was

"insufficient evidence to raise a genuine issue of fact as to whether the VA Hospital created the slippery condition or had actual or constructive notice of the slippery condition"); *Lionel v. Target Corp.*, 44 F. Supp. 3d 315, 324 (E.D.N.Y. 2014) (summary judgment granted to defendant where plaintiff slipped on lid in store and there was no evidence that defendant had caused the condition or "that the lid was on the floor long enough that an employee should have walked through the area and observed it"); *Byrd v. Walmart, Inc.*, 128 A.D.3d 629, 630 (2d Dep't 2015) (summary judgment granted to defendant where plaintiff slipped on puddle of liquid and "defendant's employees did not have a reasonable time to remedy that condition before the accident occurred"); *Alami v. 215 E. 68th St., L.P.*, 88 A.D.3d 924, 925 (2d Dep't 2011) (summary judgment granted to defendant where plaintiff slipped on laundry detergent that had been spilled approximately ten minutes earlier and where the spill had been reported to defendant's employee approximately five minutes earlier).

Plaintiff makes several arguments in opposition to Defendant's motion, all of which lack merit. First, Plaintiff argues that summary judgment is premature because discovery has not been completed and she needs additional facts in order to oppose Defendant's motion. Under Rule 56(b), a party may move for summary judgment "at any time until 30 days after the close of all discovery." Rule 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition," then the Court

may deny or defer consideration of the motion. A party contending that a motion for summary judgment should be denied to permit additional discovery "must file an affidavit explaining (1) what facts are sought and how they are to be obtained, (2) how those facts are reasonably expected to create a genuine issue of material fact, (3) what effort the affiant has made to obtain them, and (4) why the affiant was unsuccessful in those efforts." *Hudson River Sloop Clearwater, Inc. v. Dep't of Navy*, 891 F.2d 414, 422 (2d Cir. 1989).

In this case, Plaintiff has failed to identify any allegedly missing facts that could reasonably be expected to create a genuine issue of material fact. Plaintiff claims that additional discovery is required to determine whether "the entrance doors, entrance floor, and floor mats were in a reasonably safe condition, whether defendant's [sic] created the dangerous and defective conditions, whether the defendant had actual or constructive notice of said conditions and failed to remedy the conditions in a timely manner, and whether the defendant had adequate policies and procedures in place to maintain its premises, especially the entrance doors and floor[,] in a reasonably safe condition." *See* Docket 19 at ¶ 34. However, the video footage of Plaintiff's accident in fact addresses each of these issues. Prior to the accident, the entrance doors into the vestibule can be seen functioning properly – the doors open and close without incident, and several customers enter and exit the store. Additionally, the floor of the vestibule can be seen in a safe and dry condition, with three floor mats

appropriately placed. It is only when the wind suddenly and violently increases that the doors open and rain begins to enter the vestibule. Plaintiff has simply failed to identify any plausible theory by which Defendant could be found to have created the dangerous condition or failed to timely remedy it, regardless of what additional facts might be uncovered in discovery.

Moreover, and as Defendant points out in its reply, Plaintiff has failed to adequately explain why she did not seek any of the allegedly necessary discovery earlier. Although Plaintiff claims that the parties agreed to delay discovery in this case, no adjournment of the discovery deadlines set forth in the Case Management Order was sought. Additionally, Defendant has submitted evidence showing that Plaintiff was on notice as early as August 2017 that Defendant intended to bring a dispositive motion based on the video footage of the accident. *See* Docket No. 23-1 at 5. Nevertheless, Plaintiff did not file any discovery requests until January 26, 2018, more than two months after the mediation session in this case occurred. Plaintiff apparently also did not serve her Federal Rule of Civil Procedure 26 mandatory disclosures as required by the Case Management Order. A party that has not been diligent in seeking discovery cannot then oppose summary judgment on the basis that additional discovery is necessary. *See Little v. City of New York*, 487 F. Supp. 2d 426, 435 (S.D.N.Y. 2007). Accordingly, the Court does not find that Defendant's motion for summary judgment is premature at this time.

Plaintiff also argues that the video footage shows that the floor beneath the floor mat that was blown away by the wind was "already wet" and that this somehow creates a material issue of fact. *See* Docket No. 20 at 9. Plaintiff misstates what the video footage shows. The floor mat in question was not blown away until after the storm began and rainwater began entering the vestibule. Thus, even assuming that the floor underneath the mat was wet when the mat was blown away, this does not indicate that water was in the vestibule prior to the rainstorm.

Finally, Plaintiff argues that the "storm in progress" doctrine does not apply to this case. Plaintiff inexplicably begins this argument by claiming that Defendant "has failed to establish by proof in admissible form that there was in fact a storm in progress in the instant case." Docket No. 20 at 11. It is unclear what the basis for this assertion is - Defendant has submitted uncontroverted, authenticated video footage that clearly shows a rainstorm in progress at the time of Plaintiff's accident. Plaintiff does not elaborate on this assertion, and it is wholly without merit in any event.

Moreover, the "storm in progress" doctrine, which "affords landowners a reasonable time after the <u>cessation</u> of a storm or temperature fluctuations which created the hazardous condition to take corrective action," *Boyko v. Limowski*, 223 A.D.2d 962, 963 (3rd Dep't 1996) (emphasis added), is not the basis for Defendant's entitlement to judgment in this case. As set forth above, New York law is clear that with respect to *any* hazardous condition, a

landowner "has a reasonable time to undertake remedial actions that are reasonable and appropriate under all of the circumstances." *Ferguson*, 99 A.D.3d at 1185. In this case, Defendant is entitled to summary judgment because there was a storm in progress that had not ceased and Plaintiff's accident occurred less than a minute after the dangerous condition was created. Accordingly, it is ultimately irrelevant whether or not the storm in progress doctrine applies to rainstorms. The determinative facts, as discussed above, are that the dangerous condition that allegedly caused Plaintiff's accident came into existence less than a minute before she slipped and, that it was not created by Defendant, and that Defendant did not have a reasonable opportunity to remedy the condition. Under these circumstances, summary judgment in favor of Defendant is warranted.

## CONCLUSION

For the reasons set forth above, the Court grants Defendant's motion for summary judgment (Docket No. 16). The Clerk of the Court is instructed to enter judgment in favor of Defendant and to close the case.

**ALL OF THE ABOVE IS SO ORDERED.**

S/Michael A. Telesca

MICHAEL A. TELESCA
United States District Judge

DATED: Rochester, New York
April 6, 2018